## Palmatier v. Palmatier

*John B. Leete,* for plaintiff.
*Daniel R. Milliard,* for defendant.

FINK, *P.J.,* July 23, 1981—The issue or issues raised come before this court on the following set of facts: plaintiff filed a complaint in divorce against defendant in August of 1980. The grounds on which plaintiff relied for a divorce as pled were that the marriage between the parties has been and is irretrievably broken. Defendant filed a petition "Raising Additional Claims Provided for Under the Divorce Code." The form of the petition may take on some importance and, therefore, the following observations are made as to said petition: in paragraph 2 of said petition, it is set forth, "That the Petitioner respectfully requests that the following matters be added to said Complaint:"

A. Right to live in the family home for a reasonable period of time;

B. Division of property rights between the parties "including marital property";

C. Request for alimony pendente lite and counsel fees and expenses;

D. Permanent alimony;

E. Custody of the two children born to the marriage;

F. A claim for child support;

G. A request under section 202(b) for a maximum of three counseling sessions "prior to the expiration of the ninety (90) days following the filing of the Complaint."

The prayer for relief in the petition asks that the matters set forth in paragraph 2 "be made a part of the above captioned matter" and, further, that a rule be granted on plaintiff to show cause why an order should not be made to pay alimony pendente lite and reasonable counsel fees.

By order of court dated February 23, 1981, pursuant to hearing, the court made an "interim order" directing defendant to pay $50 per week for the support of the two children born to the marriage and another $50 per week for the support of his wife on condition that defendant receive an additional $125 per month from trailer rental and, further, that plaintiff pay $250 to *apply* to defendant's counsel fees. On March 3, 1981, this court filed an amended order directing that defendant shall pay $50 per week for *each* of the two children born to the marriage to commence on the same date as set forth in the initial order. The amended order was in all other respects the same as the original order.

By a document entitled "Praecipe to Discontinue" which was directed to the prothonotary and signed by John B. Leete, attorney for plaintiff, the prothonotary was directed to "Kindly discontinue

the above captioned matter pursuant to Rule 229, at the request of Plaintiff," said document being dated and filed April 24, 1981. The document shows that copies were sent to counsel for defendant and the Domestic Relations Officer of Potter County. Also on the same praecipe and indicating the same date, the following notation signed by the Prothonotary of Potter County appears: "Upon Praecipe of attorney for plaintiff, the captioned matter is marked discontinued."

On May 26 and 28, 1981, respectively, cross petitions were presented to the court resulting in the court's signing orders setting hearings thereon the same day and subject to certain continuances, the cross hearings were scheduled and held on June 23, 1981. Plaintiff had filed a petition for clarification of order and defendant filed a petition alleging that no payments had been made under the amended court order as above described since May 4, 1981, and requesting the court order payment of the arrearages accumulated since May 4 to date and, further, reaffirm the support payment should continue, that counsel fees should be paid, and any further relief necessary.

A singular hearing was held on the cross petitions which raised the following issues:

(1) By virtue of the praecipe filed by plaintiff as of April 24, 1981, was the divorce action discontinued?

(2) If plaintiff's divorce action was, indeed, discontinued by the praecipe above mentioned, would defendant's causes of action as set forth in her petition of August 28, 1980, raising additional claims nonetheless serve as separate and distinct causes?

(3) Even if the first two issues are resolved in favor of plaintiff, does this mean that the amended court order of March 3, 1981, directing payment of support for children, alimony pendente lite, and

partial counsel fees survives, or would it automatically be dissolved?

To answer the first issue raised, one would think all that need be done would be to refer to the Pennsylvania Rule of Civil Procedure covering a discontinuance. We, therefore, go to Rule 229. We note that section (a) says that discontinuances shall be the exclusive method of terminating a civil action by plaintiff before commencement of trial. Section (b) states a discontinuance may not be entered as to less than all defendants without leave of court, and section (c), the court may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice. Although this court has for years observed the age-old and accepted method of discontinuing actions by praecipe to the prothonotary, we are rather surprised to learn that no method or procedure is set forth in the Pennsylvania Rules of Civil Procedure, or anywhere else to the knowledge of this court, in order to effectuate such a discontinuance. Nonetheless, this court is going to adopt the proposition that plaintiff is in control of his own action and, therefore, may unilaterally discontinue same at any time by the method he actually employed, viz., filing a praecipe with the prothonotary. It is noted that any party who may be aggrieved by such a discontinuance may file a petition with the court under Rule 229(c) to allege prejudice and, therefore, seek an order striking the discontinuance. It is noted that defendant failed to file such a motion. We, therefore, conclude that the method of discontinuance is proper and that plaintiff's complaint in divorce is thereby discontinued as of the date the praecipe was filed with the prothonotary.

The next issue is then whether or not the causes

of action as set forth in defendant's petition for support, alimony pendente lite, counsel fees, etc., may survive as separate and independent causes. We, therefore, look to Pa.R.C.P. 1920.15 to see if the method as prescribed by the rules to set forth additional claims cognizable under the Divorce Code will give us a clue as the resolution of the issue before the court. We note that subsection (a) of the rule provides for defendant filing a counterclaim in which he or she may set forth a separate cause of action in divorce or for annulment and, further, whether or not defendant so asserts a separate cause of action, may additionally "set forth any other matter which under the Divorce Code may be joined with an action of divorce." This, then, would appear to give defendant a method for raising the additional matters cognizable under the code (hereinafter called collateral divorce matters). We then look to (b) section under Rule 1920.15 and we find defendant may *also* file a *subsequent* petition raising any other claims which may under the Divorce Code be joined with an action of divorce or annulment. Section (b) at first blush may appear to be another method of raising the collateral divorce issues in addition to the counterclaim method, however, we think not. This court interprets section (b), particularly in view of the words we have italicized in that section, to mean that if after defendant files a counterclaim, he or she wishes to raise *additional* collateral matters at a secondary or tertiary stage of litigation, defendant may do so by petition as opposed to counterclaim. The distinction takes on great importance in light of the issues in the present case, viz., it is clear that if a counterclaim were filed, whether plaintiff discontinued his action through his complaint in divorce, it could not affect defendant's cause of action set forth in

her counterclaim. If, on the other hand, defendant merely filed a petition, at the very least, the result would not be as clear.

Plaintiff argues with great merit that if the initial complaint is discontinued, a mere petition must also fall. Although many times injustice is perpetrated by being hyper-technical as to procedure in equally as many cases, if not more, an injustice will be done if technicalities for procedure are not followed. We, therefore, hold that Rule 1920.15 necessarily mandates that a defendant who wishes to raise collateral divorce matters in the first instance must do so under the heading of a counterclaim and then thereafter as desired may supplement any additional collateral matters as under section (b).

To address now the third issue, this court is of the opinion that any court order which directs the performance of on-going acts by any litigant which is not only consistent with but mandated by public policy shall not be frustrated by pulling out the legal support from under such order. This court will not allow the court order to automatically fall as to the collateral issues which could be self-serving if they were properly presented. This court will not allow children and contesting spouses in divorce actions to starve and go without support because of a legal technicality. It is clear that the collateral issue of division of marital property must necessarily fall with the withdrawal of the divorce complaint as would also any future claim for counsel fees beyond this date. It is likewise clear that a claim for support of children would be self-sustaining though in another form as well as alimony pendente lite and counsel fees to this date. Furthermore, it should be made clear, however, that the court order of March 3, 1981, shall not be prospective or ongoing but shall terminate as to any future duty forthwith for

defendant will then have an opportunity to institute separate process and procedure to protect her right to support for herself and her children. It is clear that defendant could have filed a petition to Rule 229(c) seeking an order striking plaintiff's discontinuance because of prejudice and it is likewise clear as above set forth that defendant could have and, no doubt, should have filed a counterclaim as above mentioned. Prospectively, she will now be left to the avenue of relief afforded to her by the law.

Thus, the following

## ORDER

And now, July 23, 1981, plaintiff is directed to pay the arrearages calculated under the order of this court dated March 3, 1981, to the date hereof together with total counsel fees of $250.